## United States Fidelity & Guaranty Co. v. Barrett, et al.

(Decided November 22, 1910.)

### Appeal from Martin Circuit Court.

Attachment Bond—Action Thereon—Necessary Allegations for Recovery.—In an action by A. L. B. and J. D. B.'s Admr. against W. to recover the value of certain timber cut from the land of A. L. B. and J. D. B. an attachment was sued out and levied upon certain timber cut from the land of appellees. To secure the release of the property attached, W. and appellants, U. S. F. & G. Co., executed to the plaintiffs a bond that W. would perform the judgment of the court in that action. The attachment was sustained and judgment rendered and affirmed and execution returned "no property found." Afterwards A. L. B. and J. D. B. brought suit against appellant, U. S. F. & G. Co., on the bond, alleging that judgment was obtained and that neither W. nor any one for him had ever paid the judgment. Held, these allegations were sufficient to show a breach of the bond without alleging in terms that the condition of the bond was broken.

W. R. McCOY, for Appellant.

A. COPLEY and M. C. KIRK, for Appellees.

Opinion of the Court by Wm. Rogers Clay, Commissioner—Affirming.

A. Lee Barrett and J. D. Barrett's administrator sued Ben F. Wilson in the Martin circuit court to recover the value of certain timber cut and removed from the lands of A. Lee and J. D. Barrett. Upon the institution of the action an attachment was sued out and levied upon certain timber. To secure the release of the property attached, Wilson and appellant, United States Fidelity & Guaranty Company, executed to the plaintiffs a bond by which they undertook that Ben F. Wilson would perform the judgment of the court in that action. The attachment was sustained and judgment was rendered in favor of plaintiffs for $464.74, with interest thereon from May 22d, 1907, and costs. An appeal was taken to this court, and in an opinion delivered January 29th, 1909, the judgment of the lower court was affirmed. (Wilson v. Barrett, et al., 115 S. W. 812.) The mandate of this court was issued on April 20th, 1909, and was filed in the clerk's office of the Martin circuit court on June 7th, 1909. On June 8th an execution was issued against Ben F. Wilson and placed in the hands of the sheriff of Martin county. On July 22d, 1909, this execution was returned "no property found."

After setting forth the foregoing facts and charging that no part of the judgment had ever been paid, except the sum of $300, paid October 16th, 1909, and that neither Ben F. Wilson nor any one for him had ever performed the judgment of the court, the appellees, A. Lee Barrett and J. D. Barrett's administrator, brought this action against appellant to recover on the bond in question. To this petition appellant interposed a demurrer, which was overruled. Appellant then filed an answer, in which it denied that it had broken the covenant of the bond by not paying, or causing Wilson to pay, the judgment, and then interposed the defense that $300 on the judgment had been paid and that this was all that was due A. Lee Barrett; that on November 9th, 1909, John Meade had filed a suit against William Damron, administrator of the estate of J. D. Barrett, deceased, for the sum of $202.20, and interest and costs, before W. T. Parsley, a justice of the peace of Wayne county, West Virginia; that an attachment was sued out in said case against the property of the estate of J. D. Barrett, and that Ben F. Wilson was named as garnishee therein; that said attachment was

served on said Ben F. Wilson on November 10th, 1909, thereby attaching in his hands all moneys and properties that he might have in his hands due the estate of J. D. Barrett, including the money which plaintiffs sought to recover in this action; that said action had not been tried, but stood upon the docket of said justice's court; that said court in which said action was pending had jurisdiction of the amount in controversy as well as the subject matter of the action and the parties; that the suit referred to was upon a judgment which John Meade recovered against J. D. Barrett in the Martin circuit court; that this judgment had never paid by said Barrett, and was at the time justly due and unpaid and not barred by the statute of limitations. Appellant further pleaded that Ben F. Wilson had not broken the covenants of the bond sued on, nor was appellant legally liable on said bond until such time as the action of the Wayne justice's court aforesaid was determined; that if said Meade was defeated in said action and said Wilson should not pay, or cause to be paid, the balance of the judgment in the action of Wilson v. Barrett, et al., in the Martin circuit court, then and not until then would appellant be liable on said bond. Appellant then asked that the action be continued until the action pending in the Wayne justice's court was heard and the liability of Wilson determined, and that in the meantime no judgment be rendered against it. To this answer a demurrer was sustained. Appellant having declined to plead further, judgment was rendered against it for the sum of $464.74, together with interest and costs, subject to a credit of $300 paid October 16th, 1909. From that judgment this appeal is prosecuted.

The court did not err in overruling appellant's demurrer to the petition on the ground that the petition did not in terms allege that the condition of the bond sued on had been violated. The petition did set forth the fact that the judgment was obtained, that by the bond appellant undertook that Wilson would satisfy the judgment and the fact that neither Wilson, nor any one for him, had ever paid the judgment. These allegations were sufficient to show a breach of the covenant without alleging in terms that the condition of the bond was violated.

The only other question to be determined is the validity of the defense interposed to be determined by the answer. While the answer asserts that the condition of the bond had not been violated, it admits that the judg-

ment had not been paid. The denial contained in the answer, therefore, presents no defense. That being true, did the facts set forth in the answer furnish any reason why the trial court should have continued the case and not rendered judgment against appellants? Upon the filing in the Martin circuit court of the mandate of this court, affirming the judgment, appellant became bound to see that Wilson satisfied the judgment. He did not satisfy it. Appellees were then compelled to bring suit. Appellant was not made a party to the action in the Wayne justice's court of West Virginia. However that suit may go, it can in no way affect appellant. There is nothing in the record to show that Wilson was solvent, or that he could pay into the Wayne justice's court the sum of money alleged to be attached in his hands. On the contrary, the return of "no property found" on the execution issued against him is a circumstance tending to show his insolvency. Notwithstanding the fact that appellant has given a bond conditioned at all hazards to see that Wilson satisfies the judgment, we are asked to say, because of the mere pendency of the action in the Wayne justice's court, wherein Wilson has been garnisheed and wherein he may never be required, nor able, if required, to pay into that court the balance in his hands, that the trial court should have continued this case and awaited the determination of the West Virginia court before giving judgment against appellant. This we can not do. Whatever may befall Wilson, appellant will never be required to pay the judgment but once.

Judgment affirmed.